IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KEVIN BLUE,                              )
Register No. 175414,                     )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )     No. 05-4138-CV-C-NKL
                                         )
GEORGE LOMBARDI, et al.,                 )
                                         )
          Defendants.                    )

## ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On June 17, 2005, Correctional Medical Service (CMS) defendants Gibson, Garcia, and Laramore filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. Plaintiff has filed several responses, stating generally that his initial filing was for injunctive relief only; thus, exhaustion of administrative remedies is not applicable; and that he is attempting to utilize the administrative remedy procedures available. Plaintiff states defendants have held up the exhaustion of his claims by not timely responding to his grievances. Defendants have filed a response reaffirming their argument that plaintiff has failed to exhaust his administrative remedies.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Department of Corrections grievance procedures are exhausted when a response is received from the division director. *See* Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. II(I) (2002). Furthermore, section

1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff does not challenge defendants' allegations that he failed to exhaust his administrative remedies prior to the filing of his complaint. Plaintiff's arguments that his filing with the court was for injunctive relief only, and that defendants have failed to timely respond to his grievances, do not relieve plaintiff of the exhaustion requirements of section 1997e. The exhaustion requirements of section 1997e apply to section 1983 claims generally, and are not dependant on the type of relief sought by the plaintiff. Moreover, the court takes judicial notice of the fact that Missouri Department of Corrections (MDOC) has a procedure manual that states that the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer." MDOC Procedure D5-3.2, Offender Grievance (2002) Nos. III (K)(9), (L)(18), and (M)(11). Plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion, even if prison officials failed to timely respond to his grievances.

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal lawsuit, plaintiff's claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

In light of this court's recommendation of dismissal of plaintiff's claims for failure to exhaust administrative remedies, plaintiff's pending motions should be denied.

Plaintiff's motions requesting relief from payment of his filing fee from his inmate account are denied. Plaintiff is required to pay the filing fee as set forth in 28 U.S.C. § 1915. Plaintiff's motion for an extension of time to pay his initial installment toward the filing fee is denied as moot because plaintiff made his initial payment on July 1, 2005.

IT IS, THEREFORE, ORDERED that plaintiff's motion for an extension of time to pay the initial installment of the filing fee is denied as moot [25]. It is further

ORDERED that plaintiff's motions for relief from payment of the remainder of his filing fee from his inmate account are denied [17, 24]. It is further

ORDERED that plaintiff's motions for appointment of counsel, for extensions of time, for orders directing service of process on defendants, and to compel discovery are denied, without prejudice [31, 45, 52, 72, 75, 82, 86, 87, 88, 110, 119]. It is further

RECOMMENDED that the motion of defendants Gibson, Garcia, and Laramore to dismiss be granted and plaintiff's claims be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e [16]. It is further

RECOMMENDED that plaintiff's pending motions for preliminary injunction, permanent injunction, to amend, and for an order for an examination be denied [11, 20, 33, 40, 80, 98, 112].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 24th day of August, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3