IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

KEVIN BLUE, )
Register No. 175414, )
 )
          Plaintiff, )
 )
     v. ) No. 05-4138-CV-C-NKL
 )
GEORGE LOMBARDI, et al., )
 )
          Defendants. )

**ORDER**

      On August 24, 2005, the United States Magistrate Judge recommended granting the motion of defendants Gibson, Garcia and Laramore to dismiss plaintiff's claims for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 6, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

      Plaintiff has failed to provide any evidence or information indicating that he exhausted his administrative remedies regarding his claims prior to filing his complaint with this court on May 2, 2005. The Eighth Circuit has held that if exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e, is not completed at the time of the initial filing of the complaint, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003). Grievance No. 04-400, referred to by plaintiff in his exceptions, was not fully exhausted until May 25, 2005 (see attachment to Defendants' Motion to Dismiss; Grievance No. 04-400, Offender Grievance Appeal Response dated May 25, 2005). Thus, plaintiff failed to exhaust his administrative remedies prior to filing his claim in federal court;

therefore, his claims against defendants Gibson, Garcia and Laramore must be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

On August 12, 2005, defendants Lombardi, Long, Cassidy and Dormire filed a motion to dismiss for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. In response to such motion, plaintiff filed a supplement to his complaint. Upon review, although plaintiff appears to have exhausted some of his claims against defendants subsequent to the filing of his original complaint, he did not exhaust such claims prior to the filing of his original complaint as required by section 1997e. Therefore, the motion to dismiss of defendants Lombardi, Long, Cassidy and Dormire is granted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss are granted and plaintiff's claims are dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to the provisions of 42 U.S.C. § 1997e. [16, 115, 130] It is further

ORDERED that plaintiff's pending motions with this court, for appointment of counsel, to amend, for preliminary injunctive relief, permanent injunction, and for order are denied, without prejudice, as moot [11, 13, 20, 33, 40, 80, 98, 112, 132, 141].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: October 3, 2005
Jefferson City, Missouri

2

Case 2:05-cv-04138-NKL   Document 154   Filed 10/05/05   Page 2 of 2